## WILLIAM J. RIGHTER v. JERSEY CITY WATER SUPPLY COMPANY.

Argued November 10, 1905—Decided February 26, 1906.

When water confined in a reservoir escapes through the negligent construction or maintenance of such reservoir, adjoining landowners, whose lands are injured thereby, have a right of action to recover the damages resulting from such injury.

---

On rule to show cause.

Before Justices FORT, GARRETSON and REED.

For the plaintiff, *Robert M. Clark.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

FORT, J.    This suit is to recover for damages done to the land of the plaintiff by the escape of waters through or under the banks of a reservoir maintained by the defendant on its land adjoining the land of the plaintiff.

The reservoir is a very large one, having been constructed for the storage of water for the supplying of the inhabitants of Jersey City.  It covers eight hundred acres.  The head of the reservoir is a masonry dam across the Rockaway river at Old Boonton.  The upper end of the reservoir crossed the divide and encroached upon the adjoining water shed of the Troy brook at Parsippany.  In order to prevent the overflow at the upper end, a large back dyke or retaining wall was constructed of earth, with a masonry core.  It is a half mile in length, with a width of one hundred feet at its base, twelve feet in width at the top and about twenty-five feet in height. The core is of concrete masonry about five feet thick.    It extends below the earth dyke into the ground from four to thirty feet, according to the character of the foundation.    It is above the water line of the reservoir about three feet.

At the trial the law of the case—at least, that declared by the court—was little disputed by the plaintiff, and not at all by the defendant.  The learned trial justice put the law of the case upon the principle stated by Chief Justice Beasley, in *Marshall* v. *Wellwood,* 9 *Vroom* 339, and charged the jury that "if the escape of the water was accidental, then the plaintiff cannot recover.  If it is proved to your satisfaction that its escape was due to the want of proper care and skill on the part of the defendant, then the plaintiff would be entitled to recover."

The case, therefore, went to the jury with the sole right for the plaintiff to recover based upon their finding, under the evidence, that the water escaped through some negligence in the defendant.

We do not, in this case, have to consider whether this rule of law is the correct one, or whether *Fletcher* v. *Rylands, L. R., 1 Exch.* 265, which states the English rule, states the true principle in cases of this class.

The defendant contended at the trial for the rule as the learned trial justice stated it.

Is the proof, then, such that the weight of the evidence was against the verdict and justifies us in granting a new trial?

That there is an excessive accumulation of waters on the land of the plaintiff since the filling of the reservoir cannot be doubted under the proof. The plaintiff's proof was that it was caused by seepage; that is, the water which finds its way through the bank. It may come through the bank, as it would if the core were not impervious to water, or it may escape over or under the core, because of its not being sufficiently high or deep. That the water seeps through it seems impossible to disbelieve under the proof. That this seepage results from negligent construction and faulty maintenance of the bank or dyke, the testimony of Mr. Earle, one of the engineers who assisted in its construction, if accepted, seems to establish.

The defendant put before the jury by the testimony of experts several theories which might account for the water on other grounds than faulty construction. But this was all theory.

The jury, after considering all the evidence, have found for the plaintiff, and we are not inclined to disturb the verdict. It is not so clearly against the weight of the evidence, if at all, as to justify us in so doing.

Nor do we think that the verdict was excessive. True, it was not shown that the damages were great. But this verdict is only for $150, and we cannot say that under the proof this verdict showed any prejudice, ill will or passion on the part of the jury.

The rule to show cause is discharged.